# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ahmet Bora,<br><br>                    Petitioner,<br><br>v.<br><br>Eric Rokosky, et al.,<br><br>                    Respondents. | No.   CV-26-05006-PHX-ASB<br><br><br>**ORDER** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)  The Petition alleged that Petitioner had been illegally re-detained without a pre-deprivation hearing after he had previously been released from immigration detention in 2023, and that he had also not been provided a custody redetermination hearing for his present detention. (*Id.* at 7-16.)  There is full consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 3.) Pursuant to General Order 26-09, the Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 5.)  In the Response, Respondents state: "Respondents do not oppose the petition or the requested relief of a bond hearing pursuant to 8 U.S.C. § 1226(a)." (Doc. 8.)  Respondents, however, do not provide any argument regarding any of Petitioner's claims, including why he should not be entitled to release from custody—rather than a bond hearing—for his claims regarding the propriety of his re-detention (as distinct from his claims regarding the lack of a bond hearing pursuant to 1226(a)). *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or.  Dec. 9, 2025) ("Respondents do not challenge any aspect of

the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside,* 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

Numerous courts have concluded that individuals like Petitioner, who were released from immigration detention, are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process.[1] *See, e.g., J.C.E.P. v. Wofford*, CV-25-01559-EFB (HC), 2025 WL 3268273, at *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo v. Kaiser*, CV-25-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, CV-25-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained."). As such, the Court finds that Petitioner was entitled to a pre-deprivation hearing before being taken back into immigration custody, and that the appropriate remedy for this violation of her constitutional rights is release from custody. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (individuals on conditional release possess a liberty interest in their "continued liberty" that "includes many of the core values of unqualified liberty"); *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) (holding due process required a hearing before re-detention and ordering petitioner's immediate release); *Ledesma Gonzalez v. Bostock*, No. 2:25-cv-01404-JNW-

---

[1] Petitioner was originally detained in 2023, was released from custody at that time on his own recognizance, and complied with all of the conditions of his release until he was re-detained on June 28, 2026. (Doc. 1 at 2, 5-6.) During his release, he also applied for asylum and obtained work authorization. (*Id.* at 6.)

GJL, 2025 WL 2841574, at *7-9 (W.D. Wash. Oct. 7, 2025) (holding re-detention without a pre-deprivation hearing violated due process); *Kumar v. Wamsley*, No. 2:25-cv-01772-JHC-BAT, 2025 WL 2677089, at *2-4 (W.D. Wash. Sept. 17, 2025) (same).

Thus, the Court will order Petitioner's immediate release from custody. The Petition will be granted in that regard and denied in other respects.[2]

**IT IS ORDERED:**

(1)    Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** insofar as release from custody is ordered. Other relief is denied.

(2)    Respondents must **IMMEDIATELY release** Petitioner from custody under the same conditions as existed prior to his present detention.

(3)    Respondents must provide a notice of compliance within **three days** of this Order.

(4)    Any pending motions are denied as moot.

(5)    The Clerk of Court is directed to enter judgment in Petitioner's favor and close this case.

Dated this 23rd day of July, 2026.

_____
Honorable Alison S. Bachus
United States Magistrate Judge

---

[2] The Petition asks the Court for other relief, such injunctive relief and an award of costs and reasonable attorneys' fees. (*See* Doc. 1 at 17-18.) However, Petitioner does not provide sufficient support for these requests. (*See id.*)